UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MORTON A. BENDER**<br>1025 Connecticut Avenue, N.W.<br>Suite 606<br>Washington, DC 20036<br><br>and<br><br>**GRACE M. BENDER**<br>1025 Connecticut Avenue, N.W.<br>Suite 606<br>Washington, DC 20036,<br><br>   Plaintiffs,<br><br>v.<br><br>**INDEPENDENCE FEDERAL SAVINGS BANK**<br>1229 Connecticut Avenue, N.W.<br>Washington, DC 20036<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. _____<br>)<br>)   Related Case No. 1:04CV00736<br>)   (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY
AND PERMANENT INJUNCTIVE RELIEF**

Plaintiffs Morton A. Bender and Grace M. Bender, by and through their undersigned counsel, hereby bring this action against Defendant Independence Federal Savings Bank and state as follows:

**JURISDICTION**

1. This action arises under 12 C.F.R. §552.6(a). Subject matter jurisdiction is conferred by 28 U.S.C. §1331.

2. Venue in this district is proper under 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiffs Morton A. Bender ("Bender") and Grace M. Bender ("Mrs. Bender") are residents of the District of Columbia. Plaintiffs, as joint tenants, are the beneficial owners of 326,000 shares of common stock of Defendant Independence Federal Savings Bank, and thereby jointly own approximately 21% of the outstanding stock of the Bank. Mrs. Bender is not an active participant in the matters relevant to this litigation and she is a party solely in her capacity as a joint tenant shareholder with Bender.

4. Defendant Independence Federal Savings Bank ("Independence" or "Bank") is a federally-chartered savings bank, with its principal place of business in the District of Columbia. Its stock is publicly traded on the NASDAQ Stock Exchange and it is under the regulatory jurisdiction of the Office of Thrift Supervision ("OTS").

## FACTUAL BACKGROUND

5. The Bank's fiscal year ends on December 31 each year. On April 6, 2004, the Board of Directors of Independence voted to amend Article II, Section 2 of the Bank's bylaws to set the date of the Bank's annual meeting "within 150 days after the end of the savings bank's fiscal year on the third Wednesday of April . . . or at such other date and time within such 150-day period as the board of directors may determine." A copy of the April 6, 2004 amendment is attached hereto as Exhibit A. The regulations of the OTS require that a Bank's annual meeting be held within 150 days of the end of its fiscal year. 12 C.F.R. §552.6(a). Thus, the annual meeting should have been held April 20, 2005 (the third Wednesday in April, 2005), but in no event later than May 31, 2005 (one day after Memorial Day which was the 150th day after the close of the Bank's fiscal year on December 31, 2004). The 2005 annual meeting was not scheduled to take

place before April 20, 2005, but a Special Meeting in lieu of the Annual Meeting of Shareholders was scheduled for May 11, 2005, prior to the May 31, 2005 corporate and regulatory annual shareholder meeting deadline.

6. In anticipation of the scheduled May 11, 2005 meeting, at which three directors would be elected to the Bank's Board, Bender sent a letter, dated April 26, 2005, to the Bank's corporate secretary giving notice that Bender was nominating two persons for election to the Board. A copy of this letter is attached hereto as Exhibit B.

7. By letter dated May 10, 2005, the OTS suggested that the Bank adjourn the meeting for a brief period due to concern by the OTS that, in anticipation of the scheduled meeting, the Bank's shareholders had been given inaccurate information by groups acting on behalf of the Bank and had been given inaccurate information by Bender and that the information both from Bender and from the groups acting on behalf of the Bank was intended to influence the voting by the shareholders. A copy of the this letter is attached hereto as Exhibit C. The 2005 annual meeting was convened on May 11, 2005; however, pursuant to the OTS suggestion, no business was conducted at the meeting and the meeting was adjourned.

8. The shareholders meeting was then scheduled to reconvene June 8, 2005.

9. On May 31, 2005, just a week prior to the date of the reconvened shareholders' meeting, the Bank issued a press release stating that the meeting would not, in fact, be reconvened on June 8, 2005 and that the Bank's Board of Directors would meet to determine a new date for the shareholders' meeting. A copy of the press release is attached hereto as Exhibit D.

10. By its notice to shareholders dated August 25, 2005, the Bank announced that the Special Meeting in lieu of Annual Meeting of Shareholders would take place September 14, 2005. A copy of page 1 of the Notice is attached hereto as Exhibit E.

11. On September 7, 2005, Carolyn D. Jordan, the chairperson of the Bank's Board of Directors, notified the Board members that a Special Meeting of the Board of Directors would be held on September 9, 2005 "[t]o consider matters related to disclosures contained in two recent 13D filing made last week on behalf of Morton Bender and how such disclosed information may impact the Bank." A copy of Ms. Jordan's September 7, 2005 Notice is attached hereto as Exhibit F.

12. On information and belief, the Board voted at its September 9, 2005 special meeting to postpone yet again the Shareholders' Meeting now scheduled for September 14, 2005.

## COUNT I

(Injunctive Relief Based on Regulatory Violations
regarding Scheduling of Annual Meeting)

13. Paragraphs 1 through 12 are incorporated herein by reference as if fully set forth herein.

14. Approximately 252 days have now elapsed since the close of the Bank's last fiscal year on December 31, 2004 and to date, there has been no meeting of shareholders for the purpose of electing directors. The Bank is in violation of its own Bylaws and in violation of 12 C.F.R. §552.6(a).

15. As shareholders, the Plaintiffs have a right to participate in the Bank's corporate governance by being afforded the opportunity annually to vote their shares for directors. The

Bank's failure to hold such a meeting is in violation of the Bank's Bylaws and of 12 C.F.R. §552.6 and has violated the Plaintiffs' rights to participate in corporate governance.

16. As a result of the Bank's actions, Plaintiffs suffer, and will continue to suffer, irreparable injury if injunctive relief is not granted, because they will be denied the opportunity to adequately participate in the corporate governance of the Bank.

17. As a result of the Bank's actions, Plaintiffs suffer, and will continue to suffer, irreparable injury if injunctive relief is not granted, because the Directors of the Bank's Board, through their refusal to hold a vote for the election of directors, are entrenching themselves.

18. There is substantial likelihood that Plaintiff will succeed on the merits of this action.

19. Denial of injunctive relief will cause greater injury to Plaintiffs than granting injunctive relief will cause to Defendant.

20. Injunctive relief will serve the public interest, in that it will prevent Defendant, from continuing to ignore its own Bylaws and federal regulations, and it will allow Plaintiffs to meaningfully participate in corporate governance, and it will prevent the Directors from entrenching themselves .

## REQUEST FOR EQUITABLE RELIEF

WHEREFORE, Defendants and Counter-Plaintiffs Morton A. Bender and Grace M. Bender respectfully request that this Court enter an appropriate order granting equitable relief and, specifically, that the Court:

(A) grant temporary, preliminary and permanent injunctive relief to ORDER Defendant Independence Federal Savings Bank to hold the Special Meeting in lieu of Annual Meeting of Shareholders on September 14, 2005;

(B) grant temporary, preliminary and permanent injunctive relief to ORDER Defendant Independence Federal Savings Bank to cease and desist from issuing any notices or from otherwise communicating to the Bank's shareholders that the September 14, 2005 meeting has been canceled or is to be rescheduled;

(C) in the event that any notices or communications described in Paragraph B above have already been disseminated, grant temporary, preliminary and permanent injunctive relief to ORDER Defendant Independence Federal Savings Bank to affirmatively notify and communicate to the Bank's shareholders that in fact the meeting will go forward on September 14, 2005 as scheduled.

(D)  to award Morton A. Bender and Grace M. Bender attorneys' fees and costs of this action; and

(E)  grant such other relief as may be appropriate.

## VERIFICATION

I HEREBY VERIFY, under the penalties of perjury, that, upon personal knowledge or information and belief, the facts set forth in the foregoing Complaint are true and accurate.

_____
Morton A. Bender

Respectfully submitted,


COOTER, MANGOLD, TOMPERT
 & KARAS, L.L.P.


_____
Dale A. Cooter, Bar No.227454
Donna S. Mangold, Bar No. 358851
James E. Tompert, Bar No. 358952
5301 Wisconsin Ave., N.W.
Suite 500
Washington, D.C. 20015
(202)537-0700
efiling@cootermangold.com
*Attorneys for Plaintiffs*
*Morton A. Bender and Grace M. Bender*

# EXHIBIT A

# EXHIBIT B

# EXHIBIT C

# EXHIBIT D

# EXHIBIT E

# EXHIBIT F