UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MORTON A. BENDER**<br>1025 Connecticut Avenue, N.W.<br>Suite 606<br>Washington, DC 20036<br><br>and<br><br>**GRACE M. BENDER**<br>1025 Connecticut Avenue, N.W.<br>Suite 606<br>Washington, DC 20036,<br><br>          Plaintiffs,<br><br>     v.<br><br>**INDEPENDENCE FEDERAL SAVINGS BANK**<br>1229 Connecticut Avenue, N.W.<br>Washington, DC 20036<br><br>          Defendant. | C.A. No. _____<br><br>Related Case No. 1:04CV00736<br>(RMC) |

**DECLARATION OF MORTON A. BENDER IN SUPPORT OF
VERIFIED COMPLAINT FOR TEMPORARY, PRELIMINARY
AND PERMANENT INJUNCTIVE RELIEF**

I Morton A. Bender depose and state as follows:

1. I am over the age of 18 and am competent to testify to the matters contained herein, and testify that the following statements are true and correct and are based upon matters within my personal knowledge.

2. My wife, Grace M. Bender and I, together as joint tenants, beneficially own 326,000 shares of common stock of Defendant Independence Federal Savings Bank, and thereby jointly

own approximately 21% of the outstanding stock of the Bank. My wife is not an active participant in the matters relevant to this litigation and she is a party solely in her capacity as a joint tenant shareholder with me.

     3. Defendant Independence Federal Savings Bank's ("Independence" or "Bank") fiscal year ends on December 31 each year. On April 6, 2004, the Board of Directors of Independence voted to amend Article II, Section 2 of the Bank's bylaws to set the date of the Bank's annual meeting "within 150 days after the end of the savings bank's fiscal year on the third Wednesday of April . . . or at such other date and time within such 150-day period as the board of directors may determine." A true and accurate copy of the April 6, 2004 amendment is attached to the Verified Complaint as Exhibit A. The regulations of the OTS require that a Bank's annual meeting be held within 150 days of the end of its fiscal year. 12 C.F.R. §552.6(a). Thus, the annual meeting should have been held April 20, 2005 (the third Wednesday in April, 2005), but in no event later than May 31, 2005 (one day after Memorial Day which was the 150th day after the close of the Bank's fiscal year on December 31, 2004). The 2005 annual meeting was not scheduled to take place before April 20, 2005, but a Special Meeting in lieu of the Annual Meeting of Shareholders was scheduled for May 11, 2005, prior to the May 31, 2005 corporate and regulatory annual shareholder meeting deadline.

     4. In anticipation of the scheduled May 11, 2005 meeting, at which three directors would be elected to the Bank's Board, I sent a letter, dated April 26, 2005, to the Bank's corporate secretary giving notice that Bender was nominating two persons for election to the Board. A true and accurate copy of this letter is attached to the Verified Complaint as Exhibit B.

5. By letter dated May 10, 2005, the OTS suggested that the Bank adjourn the meeting for a brief period due to concern by the OTS that, in anticipation of the scheduled meeting, the Bank's shareholders had been given inaccurate information by groups acting on behalf of the Bank and had been given inaccurate information by me and that the information both from me and from the groups acting on behalf of the Bank was intended to influence the voting by the shareholders. A true and accurate copy of the this letter is attached to the Verified Complaint as Exhibit C. The 2005 annual meeting was convened on May 11, 2005; however, apparently due the suggestion of the OTS, no business was conducted at the meeting and the meeting was adjourned.

6. The shareholders meeting was then scheduled to reconvene June 8, 2005.

7. On May 31, 2005, just a week prior to the date of the reconvened shareholders' meeting, the Bank issued a press release stating that the meeting would not, in fact, be reconvened on June 8, 2005 and that the Bank's Board of Directors would meet to determine a new date for the shareholders' meeting. A true and accurate copy of the press release is attached to the Verified Complaint as Exhibit D.

8. By its notice to shareholders dated August 25, 2005, the Bank announced that the Special Meeting in lieu of Annual Meeting of Shareholders would take place September 14, 2005. A true and accurate copy of page 1 of the Notice is attached to the Verified Complaint as Exhibit E.

9. On September 7, 2005, Carolyn D. Jordan, the chairperson of the Bank's Board of Directors, notified the Board members that a Special Meeting of the Board of Directors would be held on September 9, 2005 "[t]o consider matters related to disclosures contained in two recent

13D filing made last week on behalf of Morton Bender and how such disclosed information may impact the Bank." A true and accurate copy of Ms. Jordan's September 7, 2005 Notice is attached to the Verified Complaint as Exhibit F.

    10. On September 9, 2005, I learned that the Board voted at its September 9, 2005 special meeting to postpone yet again the Shareholders' Meeting now scheduled for September 14, 2005.

I swear under the penalties of perjury that the foregoing is true and correct.

Executed in Washington, D.C. this 9th day of September 2005.

_____

Morton A. Bender